Hon. Sebastian P. Occhino Town Attorney, Rotterdam
This is in response to your letter (and memoranda from the Chief of Police and Lt. Fabian), wherein certain questions are raised concerning L 1978, ch 30 and L 1978, ch 31.
The two aforementioned acts amend the Labor Law by adding Article 20-B thereto, entitled "Psychological Stress Evaluators and Employment." The acts were approved on March 27, 1978, and will take effect on hundred eighty days later, i.e., September 23, 1978.
In his memo, Lt. Fabian states that there appear to be ambiguities when interpreting the law relative to use of the psychological stress evaluator (PSE) by police departments. He notes that while the intent of the law appears to be to prohibit use of the PSE in employment and pre-employment contexts, Labor Law, Article 20-B, does not exclude police agencies from the prohibitions against use. He also asks whether policemen are agents of taxpayer-employers, and thus prohibited from using the PSE to conduct investigations of crimes.
The main prohibitions of PSE use in Article 20-B of the Labor Law are contained in sections 734(1) and 735(1), which provide respectively:
 "§ 734. Practitioner limitations. 1. It shall be unlawful for any individual to knowingly administer or participate in the administration of a psychological stress evaluator examination of an employee or prospective employee as defined in section seven hundred thirty-three of this chapter."
 "§ 735. Employer limitations. 1. No employer or his agent shall require, request, suggest or knowingly permit any employee or prospective employee of such employer to submit to a psychological stress evaluator examination and no employer shall administer or utilize the results of such test within or without the state of New York for any reason whatsoever."
However, the scope of Article 20-B is specifically limited by Labor Law, § 739, which provides:
 "Applicability of article. This article shall only apply to employee and employer relations" (emphasis supplied).
A policeman is not engaged in employer and employee relations when he is engaged in a criminal investigation, and it is our opinion that he would not be in violation of the law if he were to conduct a psychological stress evaluator examination during the course of a criminal investigation.
Normally, agency is the relationship which results from the manifestation of a consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.Brilliant v. Raidy, 189 Misc. 651 [Municipal Ct of the City of New York, 1947]. The word "agency" imports the contemporaneous existence of a principal, for whom he is acting and there is no agency unless one is acting for and in behalf of another. 2 N Y Jur, Agency, § 2, p 194. A policeman is not subject to the direct authority or control of an individual taxpayer, and, accordingly, one of the fundamental elements of agency is lacking.
The United States Supreme Court concisely summed up the situation inGardner v. Broderick, 392 U.S. 273, 277-278 [1967], stating that a police officer:
 "is directly, immediately, and entirely responsible to the city or State which is his employer. He owes his entire loyalty to it. He has no other `client' or principal. He is a trustee of the public interest, bearing the burden of great and total responsibility to his public employer. * * * [T]he policeman is either responsible to the State or to no one."
The fact that an employer pays taxes for police services does not make a policeman an agent of the particular taxpayer, as Lt. Fabian suggests, and it is our opinion that a policeman would not be in violation of Labor Law, § 735 (1), if he were to use a PSE to conduct an investigation of a crime.
From all of the foregoing, we conclude that (1) The prohibitions in Labor Law, Article 20-B, apply only to employee and employer relations; (2) A policeman is not an agent of any particular taxpayer, and (3) A policeman would not be in violation of Labor Law, Article 20-B, if he were to conduct a psychological stress evaluator examination during the course of a criminal investigation.